UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TUFCO LP,

    Plaintiff,

v.                                  Case No. 21-C-1199

RECKITT BENCKISER (ENA) BV,

    Defendant.

## ORDER DENYING MOTION TO RESTRICT

Plaintiff Tufco LP brought this action against Defendant Reckitt Benckiser (ENA) BV, alleging breaches of contract and of the implied covenant of good faith and fair dealing. This matter comes before the Court on Defendant's motion to seal the complaint. In this district, a "sealed document" is only viewable by the judge. No attorney, not even the filing attorney, will be able to view the document unless given permission by the Court. A document restricted to case participants allows all attorneys of record to view the document but not the general public. *See E-Filing Restricted and Sealed Documents*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN (last visited Apr. 29, 2022), *available at* https://www.wied.uscourts.gov/e-filing-restricted-and-sealed-documents. A review of Defendant's motion reveals that it is seeking protection from public disclosure, rather than requesting that the documents only be viewed by the judge. Therefore, the Court will construe the motion as a motion to restrict.

Documents should only be restricted for good cause. Gen. L.R. 79(d)(3). In order to show good cause to restrict a document, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*

*Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002); *see also* Gen. L.R. 79(d)(3) ("Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record."). Neither bare assertions of confidentiality nor the agreement of the parties is sufficient to warrant restricting documents from the public. The long-standing tradition in this country is that litigation is open to the public. *Union Oil Co. of Cal. v. Leavell*, 220 F.3d 562, 567 (7th Cir. 2000); *see also Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346 (7th Cir. 2006) ("What happens in the federal courts is presumptively open to public scrutiny."). A motion to restrict "should be limited to that portion of the material necessary to protect the movant from harm that may result from disclosure, e.g., the fact that a single page or paragraph of a document contains confidential material generally will not support a motion to seal the entire document." Comment to Gen. L.R. 79 (E.D. Wis.). To the extent possible, the movant should file a version of the document or material that redacts only those portions of the document that are subject to the sealing requirement. Gen. L.R. 79(d)(2). With these standards in mind, the Court turns to Defendant's motion.

Defendant seeks to restrict access to the complaint filed in this case. It asserts that the complaint contains "extensive sensitive, confidential commercial information," including dollar amounts and other commercial terms that Defendant does not make public and that both parties are under a legal obligation to keep confidential. Dkt. No. 8 at 1. Defendant's request is accompanied by a heavily redacted version of the complaint for public viewing. Defendant's motion to restrict is grossly overbroad. Entire pleadings and briefs should not be restricted absent unusual circumstances. *See Union Oil*, 220 F.3d at 567. The Seventh Circuit has explained that "[m]any a litigant would prefer that the subject of the case—how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on—be kept from

the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing." *Union Oil*, 220 F.3d at 567; *see also Baxter*, 297 F.3d at 547 ("[M]any litigants would like to keep confidential the salary they make, the injuries they suffered, or the price they agreed to pay under a contract, but when these things are vital to claims made in litigation they must be revealed."). While Defendant seeks to withhold proprietary information from the public, the sweeping redactions in the complaint have the practical effect of restricting the entire case. An interested member of the public reading the redacted complaint would have no idea what the case is about, as Defendant has redacted Plaintiff's causes of action and the underlying facts of the case. Defendant has not demonstrated the good cause necessary to restrict access to the complaint.

**IT IS THEREFORE ORDERED** that Defendant's motion to restrict (Dkt. No. 8) is **DENIED**. The Clerk is directed to remove the sealed designation from the complaint (Dkt. No. 1).

Dated at Green Bay, Wisconsin this 29th day of April, 2022.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
