**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION**

TUFCO L.P.,

      Plaintiff,

    v.                                 Case No. 1:21-cv-1199-WCG

RECKITT BENCKISER (ENA) B.V.

      Defendant.

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO
HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

**TO THE APPROPRIATE JUDICIAL AUTHORITY OF MEXICO:**

The United States District Court for the Eastern District of Wisconsin, in Brown County in the State of Wisconsin, in the United States of America, presents its compliments to the appropriate judicial authority of Mexico, and requests international judicial assistance to obtain evidence to be used in a civil proceeding before this Court in the above-captioned matter.

This Court requests that the appropriate judicial authority of Mexico compel the production of documents and testimony from Johny Rodrigues ("Johny Rodrigues").

**1.**     **Sender**

    Hon. William C. Griesbach
    Senior District Judge
    Jefferson Court Building
    125 S. Jefferson St., Rm. 102
    Green Bay, WI 54301-4541
    USA

2. **Central Authority of the Requested State**

   Directorate-General of Legal Affairs, Ministry of Foreign Affairs
   Plaza Juárez No. 20
   Planta Baja Edificio Tlatelolco
   Colonia Centro
   Delegación Cuauhtémoc
   C.P. 06010, Mexico, Distrito Federal

3. **Persons to Whom the Executed Request is to be Returned**

   Laith D. Mosely
   Raines Feldman Littrell LLP
   1900 Avenue of the Stars, 19th Floor
   Los Angeles, CA  90067
   USA
   +1 (310) 440-4100
   lmosely@raineslaw.com

   James Cirincione
   Hansen Reynolds LLC
   301 N. Broadway, Suite 400
   Milwaukee, WI 53202
   USA
   +1 (414) 326-4941
   jcirincione@hansenreynolds.com

   Michael R. Futterman
   Duane Morris LLP
   200 Campus Drive, Suite 300
   Florham Park, NJ 07932
   USA
   +1 (973) 424-2082
   MRFutterman@duanemorris.com

   Tamar B. Kelber
   Stephen T. Trigg
   Joshua I. Bernstein
   Gass Turek LLC
   241 North Broadway, Suite 300
   Milwaukee, WI 53202
   USA
   +1 (414) 223-3300
   kelber@gassturek.com
   trigg@gassturek.com
   bernstein@gassturek.com

**4. Specification of the Date by Which the Requesting Authority Requires Receipt of the Response to the Letter of Request**

This Court requests receipt of a response to this request as soon as reasonably practicable, consistent with your calendar and the laws of Mexico.

**5. IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOR TO SUBMIT THE FOLLOWING REQUEST:**

  a. **Requesting judicial authority (article 3(a))**

  United States District Court for the Eastern District of Wisconsin, Green Bay Division
  Jefferson Court Building
  125 S. Jefferson St., Rm. 102
  Green Bay, WI 54301-4541
  USA

  b. **To the competent authority of (article 3(a))**

  Ciudad de Mexico, Mexico

  c. **Name of case and identifying number**

  *Tufco L.P. v. Reckitt Benckiser (ENA) B.V.*, Case No. 1:21-cv-1199-WCG

**6. Names and Addresses of the Parties and their Representatives (Including Representatives in the Requesting State) (Article 3(b))**

A lawsuit is currently pending in the United States District Court for the Eastern District of Wisconsin, in Brown County in the State of Wisconsin, between Plaintiff and Counterclaim-Defendant Tufco L.P. ("Tufco") and Defendant and Counterclaim-Plaintiff Reckitt Benckiser (ENA) B.V. ("RB"). The addresses of these parties and their counsel are as follows:

  a. **Plaintiff and Counterclaim-Defendant**

  Plaintiff / Counterclaim-Defendant Tufco L.P.
  3161 S. Ridge Road
  Green Bay, WI 54304
  USA

3

Case 1:21-cv-01199-WCG    Filed 01/22/25    Page 3 of 16    Document 92

Counsel for Plaintiff / Counterclaim-Defendant Tufco L.P.
Laith D. Mosely
Raines Feldman Littrell LLP
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA  90067
USA
+1 (310) 440-4100
lmosely@raineslaw.com

James Cirincione
Hansen Reynolds LLC
301 N. Broadway, Suite 400
Milwaukee, WI 53202
USA
+1 (414) 326-4941
jcirincione@hansenreynolds.com

**b. Defendant and Counterclaim-Plaintiff**

Defendant / Counterclaim-Plaintiff Reckitt Benckiser (ENA) B.V.
Schiphol Boulevard 267 - H09
1118 BH Schiphol
The Netherlands
+31 (0)20 2066 920

Counsel for Defendant / Counterclaim-Plaintiff Reckitt Benckiser (ENA) B.V.
Michael R. Futterman
Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932
USA
+1 (973) 424-2082
MRFutterman@duanemorris.com

Tamar B. Kelber
Stephen T. Trigg
Joshua I. Bernstein
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
USA
+1 (414) 223-3300
kelber@gassturek.com
trigg@gassturek.com
bernstein@gassturek.com

b. **Other Parties**

None.

7.
   a. **Nature of the Proceedings**

This is a civil action in which Plaintiff Tufco brings a breach of contract claim against Defendant RB arising out of the Supply Agreement amongst them ("Supply Agreement"). Under the Supply Agreement, Defendant RB was to purchase certain disinfecting wipe products from Plaintiff Tufco. Defendant RB has filed counterclaims against Plaintiff Tufco for breach of the Supply Agreement.

   b. **Summary of Complaint, and Defenses Thereto**

Tufco, a manufacturer of wet wipes, filed a complaint against RB, alleging breach of contract regarding the Supply Agreement. Tufco alleges that RB has breached the Supply Agreement by failing to pay applicable penalties after RB attempted to improperly terminate the Supply Agreement and failed to purchase the amount of wipes specified therein. Further, Tufco alleges that it properly invoked the *force majeure* provision of the Supply Agreement as a result of the COVID-19 Pandemic. RB denies these allegations and has asserted counterclaims for breach of contract against Tufco. In its counterclaims, RB alleges that Tufco improperly invoked the *force majeure* provision of the Supply Agreement, and alleges that Tufco breached the Supply Agreement by failing to provide an adequate number of disinfecting wipes. Tufco denies these allegations.

Copies of Tufco's Complaint (Exhibit 1); RB's Answer and Counterclaim (Exhibit 2); and Tufco's Answer to RB's Counterclaims (Exhibit 3) are submitted together with this request.

**8.     Evidence to be Obtained:**

    a.  **Oral Testimony**

It is requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel the oral testimony of Johny Rodrigues, who is believed to have knowledge relevant to the complaint, counterclaims, and defenses thereto, and whose testimony is material and necessary to the matter pending before this Court. Thus, the interests of justice will be furthered if Johny Rodrigues is questioned, under oath, as to his knowledge of those facts.

Johny Rodrigues is expected to have relevant information regarding RB's practices, including its contracting practices, the negotiation of the Supply Agreement, the performance of the Supply Agreement, and the termination of the Supply Agreement.

    b.  **Documents**

It is also requested in the interests of justice, and to enable this Court to determine the issues pending before it, that you compel, by your proper and usual process, the production of documents from Mr. Rodrigues. This evidence is also material and necessary to the matter pending before this Court. As explained above, Mr. Rodrigues is expected to have relevant information regarding RB's practices, including its contracting practices, the negotiation of the Supply Agreement, the performance of the Supply Agreement, and the termination of the Supply Agreement.

**9.     Identity and Address of Any Person to be Examined (Article 3(e))**

    Johny Rodrigues
    Satelite Nte. 19
    Tulum, Centro, Centro 77760

**10.    Questions to be Put to the Persons to be Examined or Statement of the Subject Matter about which They are to be Examined (article 3(f))**

Please see Schedule A, attached.

**11.     Documents or other property to be inspected (article 3(g))**

Please see Schedule B, attached.

**12.     Any Requirement that the Evidence be Given on Oath or Affirmation and Any Special Form to be Used (Article 3(h))**

This Court respectfully requests that you cause, by your proper and usual process, the subject of questioning to be summoned to appear before you or some competent officer authorized by you, on a date mutually agreed upon by the witness and the parties or at a time and/or place to be determined by you, to give testimony upon oral examination on the topics set forth above.

The examination of the witness should be taken under oath before (1) a secretary of the embassy, consul general, vice-consul or consular agent of the United States of America or any officer authorized to administer oaths under the laws of the United States or of Mexico, or (2) a person appointed by the Mexican court and empowered to administer oaths and take testimony according to the laws of Mexico.

This Court further requests that you require the testimony to be given under the following oath: "I, [name of deponent], do swear (or affirm) that the testimony that I am about to give is the truth, the whole truth, and nothing but the truth." If the laws of Mexico do not permit the swearing of an oath, the duly appointed officer shall make inquiry of the witness to ensure that he or she understands the gravity of the procedure and affirms that his or her statement will be true and correct.

Furthermore, pursuant to article 10 of the Hague Convention, this Court requests and gives you the necessary capacity to impose on the witness any of the enforcement measures applicable under the procedural laws of Mexico, which suffice to ensure that said witness is correctly and timely brought to your court to appear and be examined by the parties.

13. **Special Methods or Procedure to be Followed (Articles 3(i) and 9)**

   a. **Stenographer and Transcript**

   This Court requests that the examination be taken before a commercial stenographer and that a verbatim transcript be produced.

   Please also send original, verbatim transcripts of the deposition to:

   Hon. William C. Griesbach
   Senior District Judge
   Jefferson Court Building
   125 S. Jefferson St., Rm. 102
   Green Bay, WI 54301-4541
   USA

   Laith D. Mosely
   Raines Feldman Littrell LLP
   1900 Avenue of the Stars, 19th Floor
   Los Angeles, CA  90067
   USA
   +1 (310) 440-4100
   lmosely@raineslaw.com

   James Cirincione
   Hansen Reynolds LLC
   301 N. Broadway, Suite 400
   Milwaukee, WI 53202
   USA
   +1 (414) 326-4941
   jcirincione@hansenreynolds.com

   Michael R. Futterman
   Duane Morris LLP
   200 Campus Drive, Suite 300
   Florham Park, NJ 07932
   USA
   +1 (973) 424-2082
   MRFutterman@duanemorris.com

   Tamar B. Kelber
   Stephen T. Trigg
   Joshua I. Bernstein
   Gass Turek LLC

241 North Broadway, Suite 300
Milwaukee, WI 53202
USA
+1 (414) 223-3300
kelber@gassturek.com
trigg@gassturek.com
bernstein@gassturek.com

b. **Attorney Participation in Questioning**

This Court requests that counsel for all parties be notified of the date, time, and place of the examination and that counsel be allowed to appear at the examination and participate by asking questions of the witness referred hereto, in full oral examination, on the topics described above.

Should no attorneys be allowed to participate in the questioning, Tufco requests the opportunity to submit specific questions for the examination.

c. **Confidentiality**

This Court requests that the evidence produced pursuant to your enforcement of this request shall not be used by anyone in any manner or proceeding other than in this matter, *Tufco L.P. v. Reckitt Benckiser (ENA) B.V.*, Case No. 1:21-cv-1199-WCG, pending in the United States District Court for the Eastern District of Wisconsin. This Court has imposed a Protective Order (Dkt. No. 58, attached as Exhibit 4) in this case and any evidence produced in response to this request shall be confidentially protected in accordance with the terms of this Protective Order.

14. **Request for Notification of the Time and Place for the Execution of the Request and Identity and Address of Any Person to be Notified (Article 7)**

Please send notice of the time and place of the examination of the witness and the time and place of the production of documents to this Court and all Counsel:

Hon. William C. Griesbach
Senior District Judge
Jefferson Court Building
125 S. Jefferson St., Rm. 102
Green Bay, WI 54301-4541

USA

Laith D. Mosely
Raines Feldman Littrell LLP
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA  90067
USA
+1 (310) 440-4100
lmosely@raineslaw.com

James Cirincione
Hansen Reynolds LLC
301 N. Broadway, Suite 400
Milwaukee, WI 53202
USA
+1 (414) 326-4941
jcirincione@hansenreynolds.com

Michael R. Futterman
Duane Morris LLP
200 Campus Drive, Suite 300
Florham Park, NJ 07932
USA
+1 (973) 424-2082
MRFutterman@duanemorris.com

Tamar B. Kelber
Stephen T. Trigg
Joshua I. Bernstein
Gass Turek LLC
241 North Broadway, Suite 300
Milwaukee, WI 53202
USA
+1 (414) 223-3300
kelber@gassturek.com
trigg@gassturek.com
bernstein@gassturek.com

15. **Request for Attendance or Participation of Judicial Personnel of the Requesting Authority at the Execution of the Letter of Request (article 8)**

    No attendance of judicial personnel is requested.

16. **Specification of Privilege or Duty to Refuse to Give Evidence under the Law of the State of Origin (Article 11(b))**

The privilege or duty of the witness to refuse to give evidence shall be the same as if he or she were giving evidence under the applicable provisions of the Federal Rules of Civil Procedure, including if giving such evidence would disclose a confidential and privileged communication between the witness and his or her attorney.

**17.    The Fees and Costs Incurred Which are Reimbursable Under the Second Paragraph of Article 14 or Under Article 26 of the Convention Will be Borne by:**

Plaintiff Tufco is willing to reimburse the appropriate judicial authority of Mexico for costs incurred in executing the special procedures requested.

**18.    Reciprocity**

This Court appreciates the judicial authority's assistance in obtaining evidence in this matter. This Court is willing to provide similar assistance to judicial authorities in Mexico should a judicial authority in Mexico so require.

WITNESS, Honorable William C. Griesbach: Senior District Judge in the United States District Court for the Eastern District of Wisconsin, Brown County, and the seal thereof:

| Dated: | 01/22/2025 | s/ William C. Griesbach |
| --- | --- | --- |
| | | Hon. William C. Griesbach |

| Entered: | 01/22/2025 | s/ Joleen M. Krings |
| --- | --- | --- |
| | | Deputy Clerk |


[SEAL]

# SCHEDULE A

## EXAMINATION TOPICS

**Topic No. 1:** The witness will be questioned about his knowledge of the negotiation and execution of the Supply Agreement ("Supply Agreement") amongst Tufco L.P. ("Tufco") and Reckitt Benckiser (ENA) B.V. ("RB").

**Topic No. 2:** The witness will be questioned about RB's understanding of and discussion about various terms of the Supply Agreement, including but not limited to the penalties provided therein.

**Topic No. 3:** The witness will be questioned about Tufco's and RB's performance of their respective obligations under the Supply Agreement.

**Topic No. 4:** The witness will be questioned about the events surrounding RB's termination of the Supply Agreement.

**Topic No. 5:** The witness will be questioned about RB's cancellation of an order for the TBONE product and the disposition of the raw materials associated with the TBONE product.

**Topic No. 6:** The witness will be questioned about instances in which customers cancelled orders for RB disinfecting wipes after the execution of the Supply Agreement.

# SCHEDULE B

## DEFINITIONS AND INSTRUCTIONS

1. The term "You" or "Your" means Johny Rodrigues and any entity of which Johny Rodrigues is an agent, partner, representative, or employee.

2. The term "RB" means Reckitt Benckiser (ENA) B.V., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

3. The term "Tufco" means Tufco L.P., its subsidiaries, divisions, predecessor and successor companies, affiliates, parents, any partnership or joint venture to which it may be a party, and/or each of its employees, agents, officers, directors, representatives, consultants, accountants, and attorneys, including any person who served in any such capacity at any time during the relevant time period specified herein.

4. The term "document" includes without limitation any writing, drawing, graph, chart, photograph, sound recording, image, videotape, data, data compilation, computer data base or data bank, email, text message, WhatsApp message, instant message, or other item containing information of any kind or nature, however produced or reproduced, whether an original or a duplicate, whatever its origin or location, and regardless of the form in which such information exists or is maintained.

5. The term "communications" means the transmittal of information, whether in written, electronic, oral, or any other form, and includes without limitation any emails, correspondence, meeting notes, or other notes reflecting the transmittal of information.

6. The terms "concerning," "relating to," "referring to," "regarding," "reflecting," "in respect of," or "with respect to" mean, without limitation, the following concepts: discussing, describing, reflecting, dealing with, pertaining to, analyzing, evaluating, estimating, evidencing, constituting, studying, surveying, projecting, assessing, recording, summarizing, criticizing, reporting, commenting, considering, bearing on, or otherwise involving, in whole or in part.

7. The documents shall be produced as they are kept in the ordinary course of business and shall be organized so that the Parties can ascertain the files in which the documents were located, their relative order in such files, and how such files were maintained.

8. If any portion of any document is responsive to any request, the entire document shall be produced. If any requested document cannot be produced in full, produce the document to the extent possible, specifying each reason for your inability to produce the remainder, and stating whatever information, knowledge, or belief you have concerning the portion not produced.

9. If any document requested herein is withheld based upon a claim of privilege, state as to each such document: (i) the privilege asserted and its basis; (ii) the nature of the document withheld; (iii) the date of the document; (iv) the identity of the author; (v) the identity of each recipient of the document or a copy thereof; and (vi) the general subject matter of the document.

10. In the event that any document requested herein was formerly in your actual or constructive possession, custody, or control and has been lost, destroyed, or otherwise disposed of, state as to each such document: (i) the title, nature, and subject matter of the document; (ii) the author(s) and recipient(s) of the document; (iii) the date of the document; (iv) the custodian(s) of the document; (v) the date on which the document was lost, destroyed, or otherwise disposed of; and (vi) the manner of and reasons for such loss, destruction, or other disposition.

11.     The terms "all," "any," and "each" shall each be construed as encompassing any and all.

12.     The terms "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

13.     The use of the singular form of any word includes the plural and vice versa.

14.     The use of a verb in any tense shall be construed as the use of the verb in all other tenses, as necessary, to bring within the scope of the Requests all responses that might otherwise be construed to be beyond their scope.

15.     Unless otherwise specified, the time period covered by these requests includes the period beginning in January 1, 2020 and extending to the present.

## REQUESTS FOR PRODUCTION

**Request No. 1:** All documents or communications concerning the Supply Agreement dated August 1, 2020, entered into between RB and Tufco.

**Request No. 2:** All documents or communications concerning Tufco.

**Request No. 3:** All documents or communications concerning instances where customers of RB cancelled orders for disinfecting wipes.

**Request No. 4:** All documents concerning customer demand for RB disinfecting wipes during the relevant time period.