# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# GREEN BAY DIVISION

TUFCO L.P.,

    Plaintiff,

  v.

RECKITT BENCKISER (ENA) B.V.

    Defendant.

Case No. 1:21-cv-1199-WCG

**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL RULE 30(B)(6) DEPOSITION OF DEFENDANT RECKITT BENCKISER (ENA) B.V.**

RB's[1] assertion in its Opposition that Tufco's Motion to Compel RB's 30(b)(6) Deposition on Topics 19 and 20[2] is unnecessary or that a ruling should be deferred is wrong for the following reasons:

1.  Over a year ago, Tufco issued a Rule 30(b)(6) deposition notice to RB that included Topics 19 and 20.[3] RB has, to date, refused to present a witness for deposition on these topics to probe key issues in the case: (i) whether, as RB claims, product shortages (allegedly caused by Tufco) left it unable to deliver to customers; (ii) whether there were other reasons for changes in demand such as consumer demand for the products dropping precipitously; and (iii) RB's corporate response to the drop in demand, including whether RB chose to anticipatorily breach the Supply Agreement and use Tufco's force majeure event as a pretext to avoid contractual penalties.

2.  RB contends that it "does not believe these topics are germane to the issues in this case or that additional 30(b)(6) testimony is appropriate." (Opposition, p. 2). RB's contention is plainly wrong. The fact that these issues are critical issues was recently confirmed by RB's damages expert witness report served on August 11, 2025, in which RB's expert witness claims that RB experienced near-boundless and purportedly unknown demand for the products during the relevant time period. On that basis, RB's expert witness contends that Tufco is on the hook for lost profits for each and every disinfecting wipe RB ordered for 2021 to the tune of tens of millions of dollars. (Mosely Supplemental Decl., ¶2). Of course, this is all notwithstanding the fact that RB

---

[1] Terms defined in the Motion to Compel are used with the same meaning in this brief.

[2] Topic 19: Any changes in volume commitments for the Products; Topic 20: RB's response/actions taken with respect to changes in demand and changes in volume commitments including but not limited to any reduction in work and/or termination of agreement(s) with other copackers and/or internal changes to production and/or moving production internally.

[3] See Mosely Decl., ISO Motion to Compel, ¶¶3-7.

purported to *terminate* the Supply Agreement in May of 2021 for certain Lysol wipe products precisely because it did not want to take delivery of any more product.

3. Similarly, on August 12, 2025, after months of Tufco's requesting these documents and RB's repeated assurances that such documents would be forthcoming, RB finally produced a "document dump" of almost 13,000 pages of documents that RB characterizes as "documents from the demand planners' queues" -- RB's employee/custodians responsible for anticipating and addressing changes in product demand.[4] This is directly relevant to the information Topics 19 and 20 seek via deposition. (Mosely Supplemental Decl., ¶3, Ex. A). It should be noted that this is ***not*** the same tranche of documents the Court ordered RB to produce by September 8, 2025 in its August 8, 2025 Minute Entry for Telephone Conference (Dkt. 130) – those documents, which relate to unreviewed communications from four key RB custodians that RB failed to produce prior to the close of fact discovery, remain unproduced (and Tufco has no idea what information they contain).

4. Although RB offers to make a witness available for Topics 19 and 20, it insists that this occur ***after*** RB produces the documents the Court ordered it to produce by September 8, 2025, so that RB's witness (Jessica Ren) is not "inconvenienced" by subjecting her to multiple depositions. (Supplemental Mosely Decl., ¶4, Ex. B).[5] But any inconvenience is self-inflicted. RB

---

[4] RB itself all but characterized this production as a document dump, noting that it is "quite overinclusive, and hence a good number of the documents may not be relevant or responsive to the subject request." (Supplemental Mosely Decl., ¶3, Ex. A). RB suggested that the production was prepared in this way to "get [Tufco] the documents as quick as possible," as though these documents were a last-minute demand from Tufco, eliding the reality that these documents were requested in a February 14, 2025 request for production of documents. This is part of a recognizable pattern: RB delays and ignores its discovery obligations, then argues that the burdens created by its own delay somehow relieve it of those very obligations.

[5] As noted in Ex. B to the Mosely Declaration, Tufco questions whether Ms. Ren, the one witness RB stated it will eventually produce for Topics 19 and 20, is appropriate to testify, given her prior testimony showing lack of knowledge of the issues in this case.

already presented Ms. Ren as a Rule 30(b)(6) witness, though woefully unprepared and not designated on these topics. RB has now chosen her as its designee and seeks to use its own decision—and its own delayed production, raised only after this motion—as leverage to postpone compliance. Just as with its document "dump," RB's tactic is the same: delay first, then argue that the problems caused by its own delay justify narrowing its obligations.

5. Also, RB took this position on August 14, 2025, notwithstanding the fact that its August 11 expert report claimed limitless demand for the products, and the fact that on August 12 it produced voluminous "demand planning documents" – the very issues Topics 19 and 20 are designed to examine (*Id. See also,* Mosely Decl., ¶3, Ex. A). RB's position can be summed up as follows: although RB has failed to comply with its discovery obligations, it should be entitled to have its damages expert rely on factual assumptions without challenge so that its witnesses can avoid the "inconvenience" of multiple depositions. This is untenable.

6. RB's expert witness report confirms the need for the information Topics 19 and 20 seek. Accordingly, Tufco asked RB to produce its witness(es) on a date between August 25 and September 3, 2025, so that Tufco could use related testimony in anticipated expert rebuttals (due September 12, 2025). (Supplemental Mosely Decl., ¶¶2, 4, Ex. B). RB still refused.

7. RB's purported damage claims rest upon theories of lost profits and damaged customer relationships. Topics 19 and 20 are designed to shed light on these issues and should shed light on the fact that RB's "demand planning" projections for its anticipated needs were wildly wrong, and RB chose to exit the Supply Agreement to avoid the much more significant economic downside of performing it. Unfortunately, RB's stonewalling on production of a 30(b)(6) witness for Topics 19 and 20 is part and parcel of RB's consistent failure to discharge its discovery obligations and its repeated obstruction of discovery related to its purported damage

claims. Indeed, this is partially the subject of Tufco's currently pending Motion for Sanctions related to RB's failure to produce communications with its customers about demand for disinfecting wipe products (Dkt. 115).

8. Topics 19 and 20 seek information on critical issues relevant to Tufco's claims that RB breached the Supply Agreement, as well as to RB's Counterclaims and claimed damages. In light of the foregoing, and in light of the rebuttal expert deadline, Tufco requests that the Court order RB to produce a 30(b)(6) witness for Topics 19 and 20 between August 25 and September 3, 2025, or alternatively, Tufco requests that it be granted additional time to submit its expert rebuttal report(s) until two weeks following the deposition of RB's designated witness(es) on Topics 19 and 20 that should be ordered to proceed as soon as practicable and by a date certain.[6] To the extent that further discovery becomes necessary after RB's anticipated production of documents by September 8, 2025, that can be addressed separately, and in due course.

Dated: August 19, 2025

Respectfully submitted,

By: */s/ Laith D. Mosely*
Laith D. Mosely
RAINES FELDMAN LITTRELL LLP
1900 Avenue of the Stars, 19th Floor
Los Angeles, CA 90067
Phone: (310) 440-4100
Email: lmosely@raineslaw.com

*Counsel for Plaintiff, Tufco, L.P.*

---

[6] Shortly before the close of business on the deadline to file this Reply, counsel for RB sent another email that did not provide dates for the depositions at issue and again attempted to use RB's own discovery failures as a basis for amending the Scheduling Order. As previously (and repeatedly) stated, Tufco does not stipulate to further amending the Scheduling Order – except to the limited extent that is proposed as an alternative remedy herein.

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 19, 2025, a true and correct copy of the foregoing was served on all counsel of record via e-mail.

                                                                        /s/ *Addy Mkawasi*
                                                                          Addy Mkawasi